GLASGOW v. JORDAN et al.

(Supreme Court, Appellate Division, First Department. February 21, 1908.)

NEGLIGENCE—ACTIONS—INSTRUCTIONS.

> In an action for injuries to plaintiff in a city street, caused by the collapse of the front portion of a building adjacent to the street, it was error to refuse to instruct that the jury would not be warranted in rendering a verdict for plaintiff on the theory that defendants were guilty of negligence in the manner in which they removed or placed the beams on the first floor of the building, and that negligence could not be predicated with respect to the manner of doing the work of digging a pit in the cellar some 30 feet back of the front of the building, or in doing certain other work, where the undisputed evidence showed that none of these matters could have contributed to the collapse of the building.

Appeal from Trial Term.

Action by Caroline Glasgow against John Jordan and another. From a judgment for plaintiff and an order denying a motion for a new trial, defendants appeal. Reversed.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGH-LIN, CLARKE, and HOUGHTON, JJ.

Charles C. Nadal (Frederick J. Swift, on the brief), for appellants.
J. N. Grossman, for respondent.

LAUGHLIN, J. This is an action to recover damages for injuries received by the plaintiff on the 13th day of April, 1904, while walking southerly on the westerly side of Eighth avenue, crossing West Thirty-Fifth street, caused by material falling from the building on the north-westerly corner of Eighth avenue and Thirty-Fifth street, the southeasterly corner and easterly wall of which collapsed while she was passing. The building was occupied as a hotel by one William P. Halliman. It appears that on the 4th day of March, 1904, Halliman entered into a contract in writing with "Chas. Derleth Co., Jacob Froelich, Prop.," in and by which certain changes, alterations, additions, and improvements therein specified were to be made in and about the building for the consideration of $5,500. The general contractor proceeded with the work and sublet to the defendants for the consideration of $995 certain mason work, excavating, concrete work, and carpenter work, consisting of putting in "about 40 new beams on 1st floor," and certain other specified work not material to the decision of the appeal. Down to the time of the accident the defendant had done some work towards the rear of the building which could in no manner have affected the stability of the structure, and they had put in part of the floor beams. At the southeasterly corner the building was supported by an iron pillar resting upon a granite block placed on a brick pier. The building fronted on Eighth avenue. It was 18 feet in width on Eighth avenue and 60 feet in depth on Thirty-Fifth street. When the defendants came to the premises to perform their work, the first story front of the building had been removed. The evidence tends to show that the brick pier supporting the granite block and iron pillar crumbled and gave way at the top, permitting the granite block to slide off and the pillar to fall, which let down the upper stories of the front wall. The floor beams ran northerly and southerly. They rested at either end on the foundation wall. The floor timber furnished no part of the structural support of the building. They were merely designed to support the floor. The defendants removed the ground floor, and, commencing at the westerly end of the building, inserted new floor timbers in place of the old where necessary. When in the performance of this work they had inserted all but about six of the floor timbers, they were obliged to suspend work near the Eighth avenue front on account of the position of certain gas pipes until the location thereof was changed, and they did not resume this work until after the accident. There is a suggestion in the evidence that probably the support of the iron column was weakened by the removal of the stone flagging constituting the sidewalk, which apparently rested against the bricks and afforded some support thereto; but it does not satisfactorily appear either that the removal of the sidewalk was part of the work of the defendants or that it was removed by their employés, although the intimation is that it was removed by the two workmen employed by a contractor not en-

gaged on this work who sent them to the premises at the request of the foreman of the defendants, on the representation that the foreman of the general contractor desired their services. Although it does not definitely appear just what these two men did, it does appear that the defendants paid them for the time occupied in doing the work to which they were assigned on these premises. The evidence connecting the defendants with responsibility for the fall of this structure is slight, and it may be that it was insufficient to call upon them for an explanation. They did not take the stand or offer any evidence in explanation of their paying the wages of the two men who may have removed the walk. The defendants moved for a dismissal of the complaint at the close of plaintiff's evidence, and on the denial of their motion they excepted and the case was submitted to the jury.

At the close of the main charge, counsel for the defendants requested the court to instruct the jury that they would not be warranted in rendering a verdict in favor of the plaintiff upon the theory that the defendants were guilty of negligence "in the manner in which they removed or placed the beams on the first floor." This request was declined, and an exception was duly taken. He also requested the court to instruct the jury that they could not predicate negligence against the defendants with respect to the manner of doing the work of digging a pit in the cellar some 30 feet back of the front of the building, or in doing certain work in reference to a toilet. These requests were also refused, and like exceptions were taken. The undisputed evidence shows that none of these matters could have contributed to the collapse of the building. These exceptions require reversal, and it is therefore unnecessary to decide whether the evidence was sufficient to take the case to the jury, or whether the court also erred in refusing an instruction that the evidence did not warrant a finding that the defendants removed the sidewalk.

It follows that the order and judgment should be reversed and a new trial granted, with costs to appellant to abide the event. All concur.

INGRAHAM, J. I concur with Mr. Justice LAUGHLIN, but I do not want to be considered as intimating that there was any evidence to take this case to the jury, as it seems to me that there was not a particle of evidence to justify a finding that the defendants or their employés were responsible for this accident.